836 F.2d 1342
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles LIVINGSTON, Petitioner-Appellant,
v.
STATE OF SOUTH CAROLINA, Respondent-Appellee.
Charles LIVINGSTON, Petitioner-Appellant,
v.
STATE OF SOUTH CAROLINA, Respondent-Appellee.
 Nos. 86-7735, 87-7590.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 3, 1987.
Decided Jan. 7, 1988.
 
 Michael Jeffrey Thompson for appellant.
 Donald John Zelenka, Chief Deputy Attorney General (T. Travis Medlock, Attorney General on brief), for appellees.
 Before CHAPMAN and WILKINSON, Circuit Judges, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's denial of a motion to enlarge the time to file notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Appellate Rule 4(a)(1) requires that a notice of appeal in a civil case must be filed within thirty days from entry of judgment. The motion to enlarge the time was made after the expiration of the time for appeal.
 
 
 2
 The petitioner is serving a South Carolina sentence arising out of convictions for murder, kidnapping, safecracking, assault with intent to kill and conspiracy to commit armed robbery. A habeas corpus petition was presented to the district court and referred to a magistrate. The magistrate recommended denial of the petition and the district court adopted this and ordered the habeas corpus petition dismissed. Counsel for the petitioner failed to make a timely notice of appeal. In urging an enlargement of time for appeal, the petitioner claims that his counsel mistakenly calculated the time to file a notice of appeal. Also, the petitioner claims that his attorney was burdened by additional work due to the illness of an associate. All of these issues were presented to the district judge and considered by him in his determination that these facts did not amount to excusable neglect justifying relief from the consequences of an untimely notice of appeal.
 
 
 3
 The thirty-day time limit for notice of appeal is mandatory and jurisdictional unless the moving party can show excusable neglect. Browder v. Director, Dept. of Corrections, 434 U.S. 257, 264 (1978). Excusable neglect calls for circumstances that are unique or extraordinary, not routine or avoidable by due care. An attorney's failure to correctly calculate the time period requirements of Rule 4(a)(1) is attorney error, not excusable neglect. The normal problems of a busy attorney or an increased attorney workload likewise are not extraordinary circumstances and do not constitute excusable neglect.
 
 
 4
 Furthermore, the district judge properly exercised his discretion in denying an extension of time. The district judge considered petitioner's arguments and the evidence, but found no extraordinary or unique circumstances which overcame the mandatory provisions of Rule 4(a)(1).
 
 
 5
 For the foregoing reasons, the district court's judgment is affirmed.
 
 
 6
 AFFIRMED.